UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LACEY PREWITT, Plaintiff, | ) | |
| vs. | ) | 11 C 3136 |
| UNITED STATES, ERVIN GARTNER, JIM BUSHMAN, ANUJ PARTKH, AKAL SECURITY, Defendants. | ) | |

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on Defendant United States of America's ("United States") motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons stated below, the motion is granted in part and denied in part.

**BACKGROUND**[1]

This dispute arose on January 7, 2008, when Plaintiff Lacey Prewitt ("Prewitt") visited an office of the Social Security Administration (the "SSA Office") in Elgin, Illinois. At the SSA Office, Prewitt spoke with an employee, Defendant Anuj Parikh ("Parikh"). Parikh explained to Prewitt that she was not entitled to social security

[1] For purposes of the motion for judgment on the pleadings, we accept the well-pleaded allegations in the complaint as true. *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004).

benefits because the records showed she was employed. Prewitt, after insisting that she was unemployed, stood up and informed Parikh that she was leaving the SSA Office. Raising his voice, Parikh demanded that Prewitt "sit down!". Prewitt then informed Parikh that she would go home and schedule an appointment with another employee. At this point, Parikh contacted Ervin Gartner ("Gartner"), a security guard which the United States maintains is employed by a private security company, Akal Security. Gartner spotted Prewitt while she was exiting the building and told her that if she did not behave like a lady next time she came into the SSA Office, he would arrest her. Moments later, Gartner informed Prewitt that she was under arrest. In the process of arresting Prewitt, Gartner tackled her, pinned her to the ground, yanked her right arm to handcuff her and, once she was handcuffed, sat on top of her until the Elgin police arrived. As a result, Prewitt sustained several injuries and was transported to the hospital in an ambulance. Immediately thereafter, Gartner and Defendant Jim Bushman ("Bushman"), the manager of the SSA Office, complained to the police that Prewitt assaulted Gartner. That same day, Prewitt was arrested and charged with disorderly conduct. The criminal charges against Prewitt were eventually dismissed.

On May 11, 2011, Prewitt filed a complaint against the United States and two federal employees, Parikh and Bushman, asserting claims for intentional and negligent infliction of emotional distress, spoilation of evidence, malicious prosecution, and abuse of process. For the spoilation of evidence claim, Prewitt alleges that the SSA Office

failed to preserve audio and video recordings of the incident from security cameras on its premises. The United States alleges that any recordings of the incident were automatically overwritten before Prewitt requested the recordings. Prewitt also generally asserts that the United States is liable under the doctrine of respondeat superior for the conduct of Bushman and Parikh. Finally, Prewitt's complaint notes that additional claims are pending in a related case, *Prewitt v. United States*, 10-cv-102 (N.D. Ill.), against the parties in this case as well as Gartner and his probable employer, Akal Security. This Memorandum Opinion does not address the propriety of the claims asserted in the related case.

As a preliminary matter, the United States filed a motion to dismiss the individual defendants, Parikh and Bushman, and substitute the United States as the sole defendant. Because the Court granted the motion in a separate Order, the Court often refers to the United States in place of Parikh and/or Bushman. The United States now moves for judgment on the pleadings.

**LEGAL STANDARD**

After the parties have filed the complaint and answer, a defendant may move for judgment on the pleadings if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(c), 12(h)(2)(B). In ruling on a motion for judgment on the pleadings, the court only considers the pleadings, which consists of the complaint, the answer, and any written instruments attached as exhibits. *Hous. Auth. Risk Retention*

*Grp., Inc. v. Chi. Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2004). Where a defendant files a motion for judgment on the pleadings, the court construes the allegations in the complaint in the light most favorable to the plaintiff. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Additionally, the court accepts the allegations of the answer as true to the extent such allegations do not conflict with the complaint. *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1301 n.2 (9th Cir. 1992); *Moore v. Beck*, 2010 WL 5140008, at *3 (E.D.N.C. Dec. 9, 2010). When the complaint and answer conflict on a material issue of fact, judgment on the pleadings is improper. 5C Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice & Procedure § 1368 (3d ed. 2011).

## DISCUSSION

The Federal Tort Claims Act ("FTCA") provides the exclusive remedy for an action against the United States for injury caused by the negligent or wrongful act or omission of any federal employee while acting within the scope of his or her employment where the United States, if a private person, would be liable under applicable state tort law. *See* 28 U.S.C. §§ 1346(b)(1), 2679(b)(1).

### I. The FTCA Exception

While the FTCA waives the United States' sovereign immunity, the FTCA expressly prohibits tort suits for "[a]ny claim arising out of assault, battery, false

imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).

The United States argues that Section 2680(h) bars Prewitt's claims for intentional and negligent infliction of emotional distress, malicious prosecution, and abuse of process because such claims are expressly prohibited or arise out of an expressly prohibited tort. While the Court agrees that Section 2680(h) expressly prohibits Prewitt's claims for malicious prosecution and abuse of process, additional analysis is necessary to determine whether Prewitt's claims for intentional and negligent infliction of emotional distress arise out of a tort prohibited by Section 2680(h).

Prewitt asserts claims for intentional and negligent infliction of emotional distress against Gartner, in the related case, and against Parikh. Although Prewitt's emotional distress claims against Gartner arise out of the assault and battery allegedly committed by Gartner, Prewitt's emotional distress claims against Parikh stem from Parikh shouting at Prewitt and contacting Gartner to escort Prewitt out of the SSA Office. Such allegations are based on the independent actions of Parikh and do not arise out of the assault and battery committed by Gartner or any other tort enumerated in Section 2680(h). Therefore, Section 2680(h) does not bar the emotional distress claims against the United States.

Accordingly, the Court dismisses Prewitt's claims for malicious prosecution and abuse of process, but does not dismiss Prewitt's emotional distress claims.

## II. Prewitt's Claim for Spoilation of Evidence

As to Prewitt's remaining claim, the United States argues that Prewitt fails to state a claim for spoilation of evidence. While spoilation of evidence is not an independent cause of action in Illinois, a plaintiff can state a claim for negligent spoilation of evidence under existing negligence law. *Boyd v. Travelers Ins. Co.*, 652 N.E.2d 267, 269-70 (Ill. 1995). To state a claim for negligence, a plaintiff must plead the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, an injury proximately caused by the breach, and damages. *Id.* at 270.

The Illinois Supreme Court has articulated a two-prong test for determining when a defendant has a duty to preserve evidence. *Dardeen v. Kuehling*, 821 N.E.2d 227, 231 (Ill. 2004). First, a duty may arise through an agreement, contract, statute, special circumstances, or the defendant's voluntary assumption of a duty by affirmative conduct. *Id.* If a duty arises, then the court must determine whether that duty extends to the evidence at issue; in other words, whether a reasonable person should have foreseen that the evidence was material to a potential civil action. *Id.* If the plaintiff fails to satisfy both prongs, the defendant has no duty to preserve the evidence at issue. *Id.*

Although no firm rule dictates when special circumstances exist, courts generally consider whether the defendant was a potential litigant, the plaintiff requested that the defendant preserve the evidence, and the defendant had possession of the evidence. *See*

*Dardeen*, 821 N.E.2d at 232-33 (finding no special circumstances where the plaintiff never asked the defendant to preserve the evidence, the defendant did not have possession of the evidence, and the defendant was not a potential litigant at the time the evidence was destroyed); *see also Anderson v. Mack Trucks, Inc.*, 793 N.E.2d 962, 969 (Ill. App. Ct. 2003) (holding that a mere request to preserve evidence is insufficient to impose a duty absent some further special relationship). Courts have held that a potential litigant, despite being aware of the plaintiff's injury, has no duty to preserve evidence if the plaintiff does not specifically ask the defendant to preserve the evidence before it is destroyed in the ordinary course of business.[2] *See, e.g., Olivarius v. Tharaldson Prop. Mgmt.*, 695 F. Supp. 2d 824, 830 (N.D. Ill. 2010) (finding no special circumstances where plaintiff merely notified defendant of the injury and defendant destroyed the evidence pursuant to ordinary business practices before litigation began); *see also Welch v. Wal-Mart Stores, Inc.*, 2004 WL 1510021, at *3-4 (N.D. Ill. July 1, 2004) (finding that Wal-Mart had no duty to preserve videotape of plaintiff who was injured on the premises even though Wal-Mart allegedly had notice of the injury and possession of the videotape).

Here, the United States argues that Prewitt fails to allege facts demonstrating that it had a duty to preserve evidence, while Prewitt contends that special circumstances

[2] Without deciding the issue, the Court notes that the duty to preserve evidence may differ in cases where the defendant has possession of evidence which actually caused plaintiff's injury.

imposed a duty on the United States.[3] The key issue is whether Prewitt requested the evidence from the SSA Office before it was destroyed in the ordinary course of business. Prewitt alleges that the SSA Office had cameras on its premises on January 7, 2008, the date of the incident. Prewitt further alleges that she demanded the camera recordings from the SSA Office, but that on October 3, 2008, the SSA Office informed her that it did not retain any recordings from the date of the incident. While Prewitt does not specifically allege when she requested the recordings, Prewitt does allege that the SSA Office refused to turn over the recordings despite her repeated requests. From this allegation, the Court can reasonably infer that the SSA Office possibly had possession of the recordings at the time of Prewitt's initial request and subsequently destroyed the recordings. Because the Court must draw this reasonable inference in Prewitt's favor, the Court disregards the United States' conflicting allegation that the recordings were automatically overwritten before Prewitt requested them. Accordingly, a disputed material issue of fact exists regarding whether Prewitt requested the recordings before they were automatically overwritten in the ordinary course of the SSA Office's business. Judgment on the pleadings is thus improper as long as Prewitt alleges facts satisfying the second prong of the duty test.

---

[3] Prewitt argues that the SSA Office had a duty to preserve the camera recordings because Bushman and Gartner facilitated the filing of a criminal complaint against Prewitt, so that the SSA Office knew or should have known that the camera recordings constituted material evidence. Prewitt cites no case permitting a claim for negligent spoilation of evidence where a third party fails to preserve evidence pertinent to another's criminal defense or prosecution.

The United States argues that Prewitt cannot satisfy the second prong of the duty test because a reasonable person would not have foreseen that the evidence was material to a potential civil action. However, Prewitt had an altercation with federal employees at the SSA Office, was injured, and was then immediately transported to the hospital. Given these allegations, a reasonable person should have foreseen that Prewitt might respond with a civil lawsuit and that the camera recordings would be material to Prewitt's case.

Because Prewitt alleges facts demonstrating that the United States may have had a duty to preserve the camera recordings, the Court denies the United States' motion for judgment on the pleadings with respect to this claim.[4]

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part the United States' motion for judgment on the pleadings.

Charles P. Kocoras
United States District Judge

Dated: October 26, 2011

[4] The United States does not argue that Prewitt fails to allege facts satisfying the remaining elements of a claim for negligent spoilation of evidence.