UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LACEY PREWITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 11 C 3136 |
| v. ) | |
| ) | Judge Kocoras |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' MOTION FOR JUDGMENT ON COUNT X

The United States, through its attorney Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, moves pursuant to Fed. R. Civ. P. 12(c) for judgment on Count X and for judgment on Counts III and IX to the extent that these counts are predicated on conduct subject to the bar of 28 U.S.C. § 2680(h). In support thereof, the United States submits as follows:

1.  The United States moved for judgment on the pleadings on July 29, 2011. On October 26, 2011, this court granted the United States' motion in part and denied it in part. The court dismissed plaintiff's claims for malicious prosecution (Count V) and abuse of process (Count VIII). The court denied the motion as to plaintiff's claims for spoliation of evidence (Count IV) and for infliction of emotional distress arising out of Parikh shouting at Prewitt (part of Counts III and IX).

2.  This court's October 26, 2011, opinion, however, only addressed a part of Prewitt's claims. It did not address the claims against the United States arising from *Gartner's*[1] conduct that

---

[1] We note that the caption on the court's October 26 opinion erroneously lists Gartner and Akal Security as defendants. Gartner and Akal Security are defendants in the related case, No. 10 C 102. Prewitt did not name them as defendants in this case and they have never been part of this complaint.

are at the heart of Prewitt's complaint. In Count X, captioned "Respondeat Superior — United States," Prewitt alleges that the United States is liable for *all* of the conduct alleged in paragraphs 1-31 of the complaint, including the actions of *Gartner* and the alleged arrest and battery.

3. Gartner is a contractor, not a federal employee, and we think there is no basis for Prewitt's claim that the United States is responsible for Gartner's actions. But that is her claim. Prewitt claims that federal employees — Bushman and Parikh — somehow acted in concert with Gartner, making them (and derivatively the United States) responsible for Gartner's actions in effecting the arrest. We believe this claim is not pled is such a way as to make it "plausible," *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). In the related case, No. 10 C 102, we moved at the outset to dismiss or alternatively for summary judgment on the ground that there are no *facts* to plausibly suggest that the federal employees — Bushman and Parikh — were involved in Prewitt's arrest. The court, however, *denied* the motion to dismiss, finding that Prewitt had adequately pled concerted action. We moved alternatively for summary judgment on the basis that there were no facts to connect the federal employees to the arrest, but the court declined to consider the merits of the summary judgment motion until after discovery. Thus, the claim still stands that federal employees are responsible for the arrest.

4. While we continue to believe that there are no facts to support Prewitt's allegation that Bushman and Parikh are responsible for her arrest, Prewitt continues to pursue this claim. Her personal claim against Bushman and Parikh is a subject of the related case. And Count X in the complaint in this case states the *parallel* allegation that the *United States* is responsible for the entire incident, including Gartner's conduct in making the arrest.

5. Count X seeks damages against the United States — the sole defendant in this case — for all the conduct alleged in paragraphs 1-31 of the complaint, including the conduct by Gartner that plaintiff asserts amounts to assault, battery, and false arrest. But as we set forth in the memorandum filed in support of the United States' motion for judgment on the pleadings, Prewitt's FTCA claim for this conduct is barred as to the United States by the intentional tort exception to the FTCA. 28 U.S.C. § 2680(h). Accordingly, this court should enter judgment in favor of the United States on Count X.

6. And Prewitt also cannot seek damages from the United States for emotional distress arising from the alleged assault, battery and false arrest, as she does in Counts III, IX and X. By its terms, the intentional tort exception bars *any* claim *arising out of* the enumerated torts. 28 U.S.C. § 2680(h) ("The provisions of this chapter and section 1346(b) of this title shall not apply to . . . Any claim arising out of [enumerated torts]."); *Siegert v. Gilley,* 500 U.S. 226, 234 (1991) ("This is not a suit against the United States under the Federal Tort Claims Act – such a suit [which the Court described as including a claim for intentional infliction of emotional distress, 500 U.S at 229] could not be brought, in the light of the exemption in that Act for claims based on defamation, *see* 28 U.S.C. § 2680(h)."); *Kurkowski-Alicea v. Village of Bolingbrook*, No. 10 C 1792, 2010 WL 3721477 at *2 (N.D. Ill., September 15, 2010) ( "28 U.S.C. § 2680(h) . . . explicitly precludes a party from suing the United States not only for [enumerated torts], but also for any claim 'arising out of' facts that would support [the enumerated torts]."). Thus, a plaintiff cannot avoid the intentional-tort bar by artful pleading. "Even if a plaintiff styles a claim so that it is not one that is enumerated in section 2680(h), the plaintiff's claim is still barred when the underlying governmental conduct essential to the plaintiff's claim can fairly be read to arise out of conduct that would establish an excepted cause

3

of action." *Truman v. United States*, 26 F.3d 592, 594 (5th Cir.1994) (internal quotation marks omitted); *see JBP Acquisitions, LP v. United States ex rel. F.D.I.C.*, 224 F.3d 1260, 1264 (11th Cir. 2000) (same).

7. The relatively trivial[2] matter of Parikh allegedly shouting at her is just a small part of Prewitt's emotional distress claim. The substantive aspect of the claim is the emotional distress that she claims she suffered as a result of being arrested and physically injured — potentially serious matters. The motion for judgment on the pleadings is well-taken as to these allegations. Prewitt's FTCA claim against the United States based on the emotional distress associated with her arrest and physical injuries is "arising out of" alleged assault, battery and false arrest. This court should accordingly enter judgment in favor of the United States on Count X and on that portion of Counts III and IX that is predicated on emotional distress associated with Prewitt's arrest and physical injury because this claim is barred by § 2680(h).

8. We understand that on October 26, 2011, the court denied the United States' motion for judgment on the pleadings on two claims: (1) spoliation of evidence; and (2) infliction of emotional distress limited to Parikh shouting at Prewitt. We are not now asking the court to revisit those issues. But we request that the court enter an order making clear that the *only* claims that

---

[2] To show intentional infliction of emotional distress under Illinois law, a plaintiff must prove conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of human decency." *Public Finance Corp. v. Davis*, 360 N.E.2d 765, 767 (Ill.1976). "Mere insults, indignities, threats, annoyances, petty oppressions or trivialities" are not actionable as intentional infliction of emotional distress. *Cook v. Winfrey*, 141 F.3d 322, 331 (7th Cir.1998) (quoting *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill.1988)). By itself, Parikh shouting at Prewitt does not state a claim for infliction of emotional distress. *See Antonson v. United Armored Services, Inc.*, No. 00 C 4095, 2002 WL 221605 at *5 (N.D. Ill. 2002) (holding that as a matter of law, shouting incident was not sufficiently extreme and outrageous to be a possible basis for a claim of infliction of emotional distress under Illinois law).

survive the United States' motion for judgment on the pleadings are plaintiff's claims (1) for spoliation of evidence and (2) for infliction of emotional distress *limited only* to Parikh shouting at Prewitt, and that all other claims against the United States are dismissed pursuant to 28 U.S.C. § 2680(h).

WHEREFORE, this court should enter judgment in favor of the United States on Count X and on parts of Counts III and IX.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Jonathan C. Haile
    JONATHAN C. HAILE
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-2055
    jonathan.haile@usdoj.gov