UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LACEY PREWITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 11 C 3136 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on Defendant United States of America's ("United States") motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons stated below, the motion is granted.

### BACKGROUND[1]

This dispute arose on January 7, 2008, when Plaintiff Lacey Prewitt ("Prewitt") visited an office of the Social Security Administration (the "SSA Office") in Elgin, Illinois. At the SSA Office, Prewitt spoke with an employee, Defendant Anuj Parikh ("Parikh"), who explained to Prewitt that she was not entitled to social security benefits

---

[1] In ruling on the United States' motion for judgment on the pleadings, the Court accepts the well-pleaded allegations in the complaint as true. *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004).

because the records showed she was employed. Prewitt, after insisting that she was unemployed, stood up and informed Parikh that she was leaving the SSA Office. Raising his voice, Parikh demanded that Prewitt "sit down!". Shortly thereafter, Parikh contacted Ervin Gartner ("Gartner"), a security guard. While the United States maintains that Gartner was employed by a private security company, Akal Security, Prewitt alleges that "Gartner was an actual, apparent, or implied agent and/or employee of the United States Government . . . ."

Gartner informed Prewitt that she was under arrest. In the process of detaining Prewitt, Gartner tackled her, pinned her to the ground, yanked her right arm to handcuff her and, once she was handcuffed, sat on top of her until the Elgin police arrived. As a result, Prewitt sustained several injuries and was transported to the hospital in an ambulance. Immediately thereafter, Gartner and Defendant Jim Bushman ("Bushman"), the manager of the SSA Office, complained to the police that Prewitt assaulted Gartner. Although Prewitt was charged with disorderly conduct, the criminal charges were eventually dismissed.

On May 11, 2011, Prewitt filed a complaint against the United States and two federal employees, Parikh and Bushman, asserting claims for intentional and negligent infliction of emotional distress, spoilation of evidence, malicious prosecution, and abuse of process. Prewitt also generally asserts that the United States is liable under the doctrine of respondeat superior for the conduct of Bushman, Parikh, and Gartner. On

October 26, 2011, this Court dismissed Prewitt's claims for malicious prosecution and abuse of process, but declined to dismiss Prewitt's emotional distress claims and claim for spoilation of evidence. The Court also dismissed the individual defendants, Parkih and Bushman, and substituted the United States as the sole defendant in this case.

The United States now moves for judgment on the pleadings, requesting that this Court dismiss Prewitt's respondeat superior claim and hold that Prewitt's emotional distress claims cannot be based on Gartner's conduct.

**LEGAL STANDARD**

Fed. R. Civ. P. 12(c), 12(h)(2)(B). In ruling on a motion for judgment on the pleadings, the court only considers the pleadings, which include the complaint, the answer, and any written instruments attached as exhibits. *Hous. Auth. Risk Retention Grp., Inc. v. Chi. Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2004). Where a defendant files a motion for judgment on the pleadings, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004).

**DISCUSSION[2]**

The Federal Tort Claims Act ("FTCA") waives the United States' sovereign immunity for injury caused by the negligent or wrongful act or omission of any federal

---

[2] This Memorandum Opinion does not address the propriety of the claims asserted in the related case, *Prewitt v. United States*, 10-cv-102 (N.D. Ill.).

employee while acting within the scope of his or her employment where the United States, if a private person, would be liable under applicable state tort law. *See* 28 U.S.C. §§ 1346(b)(1), 2679(b)(1). However, Section 2680(h) of the FTCA expressly prohibits tort suits against the United States for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).

## I. Emotional Distress Claims

The United States argues that Section 2680(h) bars Prewitt's emotional distress claims to the extent such claims arise out of Gartner's alleged assault and battery of Prewitt.[3] Section 2680(h) bars claims against the United States arising out of an assault or battery by a federal employee. *See Sheridan v. United States*, 487 U.S. 392, 400 (1988) (holding that Section 2680(h) only applies to claims otherwise authorized by the basic waiver of sovereign immunity).

The parties dispute whether Gartner was a federal employee, as alleged in the complaint, or an independent contractor, as maintained by the United States. In either case, Prewitt's emotional distress claims cannot be premised on Gartner's conduct. On the one hand, if Gartner was a federal employee, then Section 2680(h) bars the

---

[3] Prewitt's emotional distress claims are based on the conduct of Gartner and Parikh. The discussion above relates only to Prewitt's emotional distress claims insofar as the claims rely on Gartner's conduct to impute liability to the United States.

- 4 -

emotional distress claims because the claims arise out of his alleged assault and battery. *See* 28 U.S.C. § 2680(h) (prohibiting suit against the United States for claims arising out of an assault or battery by a federal employee). On the other hand, if Gartner was not a federal employee, then the United States cannot be held liable for Gartner's conduct. *See* 28 U.S.C. § 1346(b)(1) (waiving the United States' immunity only for wrongful acts committed by federal employees within the scope of employment).

Prewitt argues that the United States remains liable regardless of whether Gartner is a federal employee because the United States assumed an affirmative duty to protect her and failed to do so. A plaintiff may sue the United States for negligence under the FTCA where the United States breaches a duty which it assumed prior to, and independent of, an assault or battery. *Sheridan v. United States*, 487 U.S. at 401-02; *Doe v. United States*, 838 F.2d 220 (7th Cir. 1988). For example, in *Sheridan*, federal employees on a naval base found an off-duty employee heavily intoxicated and attempted to take him to the emergency room. 487 U.S. at 395. The off-duty employee fled, brandishing a firearm, and subsequently assaulted the plaintiffs. *Id.* The naval base's regulations prohibited the possession of firearms and required all personnel to report the presence of firearms. *Id.* at 401. Even though the federal employees saw the weapon, they took no action to subdue the individual and failed to notify the proper authorities. *Id.* at 395. The Court found that the United States voluntarily assumed certain duties prior to, and independent of, the assault when the naval base adopted

regulations regarding firearms and the federal employees attempted to provide care to a visibly drunk and armed person. *Id.* at 401. The Supreme Court held that, regardless of whether the assaulting individual was a federal employee, Section 2680(h) did not bar the negligence action against the United States for breaching duties voluntarily assumed prior to, and independent of, the assault. *Id.* at 401-02. Thus, the plaintiffs could sue the United States because its own negligence permitted a foreseeable assault to occur. *Id.*

Along the same lines, in *Doe*, unknown assailants sexually molested children who were in the care of the Scott Air Force Base Day Care Center. 838 F.2d at 221. The children and their parents filed a negligence suit against the United States under the FTCA alleging that the government voluntarily assumed an independent duty to protect the children and that it breached that duty by allowing unidentified individuals to assault the children. *Id.* The Seventh Circuit held that Section 2680(h) does not bar a negligence action against the United States where the government affirmatively assumes a duty to protect a person prior to and independent of any assault and where an alleged breach of that duty leads to the assault. *Id.* at 225. Because the United States' liability was based on its own negligence, the employment status of the assaulting individual was irrelevant. *Id.*

*Sheridan* and *Doe* are inapposite. In both cases, the plaintiff brought a negligence action against the United States based on its breach of a duty voluntarily

assumed prior to, and independent of, the assault. Here, Prewitt's complaint is devoid of any allegation that the United States negligently breached a duty owed to Prewitt, which the United States voluntarily assumed prior to the alleged assault.[4] As alleged in the complaint, Prewitt seeks to impose liability on the United States not for its own negligence but as Prewitt's employer. Accordingly, the narrow principle described in *Sheridan* and *Doe* is inapplicable.

For these reasons, the Court dismisses Prewitt's emotional distress claims to the extent such claims rely on Gartner's conduct.[5]

## II. Respondeat Superior Claim

The United States also argues that Section 2680(h) bars Prewitt's respondeat superior claim because the claim arises out of the alleged assault, battery, false arrest, and wrongful prosecution. The Court dismisses the respondeat superior claim for a different reason. Respondeat superior is not an independent claim, but instead a theory

---

[4] In its brief, Prewitt relies on the contract between the United States and Akal Security to argue that the United States voluntarily undertook a duty to protect Prewitt. However, on a motion for judgment on the pleadings, the Court will not consider matters outside the pleadings. *See, e.g., N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 453 n.5 (7th Cir. 1998) (refusing to consider facts outside the pleadings).

[5] The United States also argues, in a footnote, that Prewitt fails to state a claim for intentional infliction of emotional distress based on Parikh's shouting at Prewitt. However, Prewitt also alleges that Parikh contacted Gartner to escort her out of the SSA Office. Parikh's role in directing or condoning the assault and battery remains unclear and the parties did not brief this issue. Further, the parties did not address whether Section 2680(h) bars the claim for intentional infliction of emotional distress if Parikh directed or condoned the assault and battery. Thus, the Court declines to dismiss this claim at this stage.

under which the FTCA holds the United States liable for certain acts of employees acting within the scope of employment. The Court thus dismisses the respondeat superior claim, but allows the underlying allegations to survive as part of the complaint.

**CONCLUSION**

For the foregoing reasons, the Court grants the United States' motion for judgment on the pleadings.

_____
Charles P. Kocoras
United States District Judge

Dated:  December 15, 2011