## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3136 | **DATE** | January 23, 2012 |
| **CASE TITLE** | Prewitt vs. US | | |

**DOCKET ENTRY TEXT**

The United States' motion (Doc [43]) for clarification is granted and the Court clarifies that Prewitt's claims are limited to claims for: (1) spoilation of evidence and (2) intentional and negligent infliction of emotional distress limited to Parikh's act of shouting at Prewitt. United States' motion (Doc [47]) for leave to file reply is moot. Hearing on said motion, set for 1/24/2012, is stricken.

■[ For further details see text below.]   Docketing to mail notices.

### ORDER

This case comes before the Court on Defendant United States of America's ("United States") motion for clarification of the Court's December 15, 2011 Memorandum Opinion. For the reasons stated below, the motion is granted.

This dispute arose on January 7, 2008, when Plaintiff Lacey Prewitt ("Prewitt") visited an office of the Social Security Administration (the "SSA Office") in Elgin, Illinois. At the SSA Office, Anuj Parikh ("Parikh"), a federal employee, allegedly shouted at Prewitt and contacted a security guard, Ervin Gartner ("Gartner"), to escort Prewitt off of the premises. In the process of detaining Prewitt, Gartner tackled her, pinned her to the ground, yanked her right arm to handcuff her and, once she was handcuffed, sat on top of her until the Elgin police arrived.

The United States now moves for an order clarifying that Prewitt's claims are limited to claims for: (1) spoilation of evidence and (2) intentional and negligent infliction of emotional distress limited to Parikh's act of shouting at Prewitt. In ruling on the United States' motion for judgment on the pleadings, on December 15, 2011, this Court held that Prewitt's emotional distress claims could not be premised on Gartner's conduct. However, the Court left open the possibility that it could consider Parikh's role in directing or condoning Gartner's alleged assault and battery. After further consideration, the Court could have ruled on this issue and does so now to avoid additional confusion.

## ORDER

      The parties' sole dispute is whether the emotional distress claims are limited to the single act of Parikh shouting at Prewitt or whether the claims may derive from Parikh directing or condoning the assault and battery. Section 2680(h) of the Federal Tort Claims Act prohibits tort suits against the United States for "[a]ny claim arising out of" an assault or battery. 28 U.S.C. § 2680(h). To the extent Prewitt's emotional distress claims are based on Parikh directing or condoning the assault and battery, the assault and battery are necessary components of the claims. Under this theory, the emotional distress claims arise out of an assault and battery and such claims are prohibited by Section 2680(h). Accordingly, the United States' motion is granted and the Court clarifies that Prewitt's claims are limited to claims for: (1) spoilation of evidence and (2) intentional and negligent infliction of emotional distress limited to Parikh's act of shouting at Prewitt.

Date:  January 23, 2012

*[signature: Charles P. Kocoras]*

**CHARLES P. KOCORAS**
**U.S. District Judge**